# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PETER EARLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2019-0064-KSJM |
| | ) | |
| TREND CAPITAL MANAGEMENT | ) | |
| LP, a Delaware limited partnership, | ) | |
| TREND CAPITAL GP LLC, a | ) | |
| Delaware limited liability company, | ) | |
| TREND CAPITAL LLC, a Delaware | ) | |
| limited liability company, and | ) | |
| ASHWIN VASAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1.     In a May 17, 2019 bench ruling, the Court granted the defendants' motion to stay on the grounds that an arbitration provision delegated questions of substantive arbitrability to the arbitrator.  The plaintiff then submitted the claims pending in this action to arbitration.  On December 4, 2019, the arbitrator held that all of the plaintiff's claims are arbitrable.  In view of the abitrator's determination, the defendants moved to dismiss this action.  In opposition to the defendants' motion, the plaintiff argues that a continued stay, rather than dismissal, is appropriate.  In the alternative, the plaintiff requests that the case should be dismissed without prejudice if it is to be dismissed.

2.     Dismissal, not a stay, is appropriate.  In this case, the arbitrator has determined that the parties contractually agreed to arbitrate the dispute, and the plaintiff does not contest the merits of that holding.  Although the plaintiff identifies potential future claims that he might pursue in Delaware, such claims are not presently asserted and do not justify the continued existence of this action.  A stay would therefore serve no real purpose, and thus dismissal is the appropriate outcome.

3.     Dismissal is without prejudice.  "A motion to dismiss based on an arbitration clause goes to the court's subject matter jurisdiction over a dispute and is properly reviewed under Court of Chancery Rule 12(b)(1)."[1]  Generally, when a Rule 12(b)(1) motion is granted, the dismissal is without prejudice to the plaintiff's ability to pursue the claims in a court of competent jurisdiction.[2]  The defendants argue that the Court retains the discretion to dismiss with prejudice in these circumstances, citing to *Innovation Institute, LLC v. St. Joseph Health Source, Inc.*[3]  That case,

---

[1] *Legend Nat. Gas II Hldgs., LP v. Hargis*, 2012 WL 4481303, at \*4 (Del. Ch. Sept. 28, 2012).

[2] *See Carder v. Carl M. Freeman Comtys, LLC*, 2009 WL 106510, at \*1, \*8 (Del. Ch. Jan. 5, 2009) (granting dismissal without prejudice for lack of subject matter jurisdiction on the basis of an arbitration clause).  *See also Takeda Pharm. U.S.A., Inc. v. Genetech, Inc.*, 2019 WL 1377221, at \*7 & n.73 (Del. Ch. Mar. 26, 2019) (granting dismissal without prejudice for lack of subject matter jurisdiction) (collecting cases); 5B Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1350 (3d ed. 2020) (observing that a dismissal made pursuant to Court of Chancery Rule 12(b)(1)'s federal counterpart "basically is one in abatement, a dismissal is not a decision on the merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has subject matter jurisdiction over the controversy").

[3] 2019 WL 4060351, at \*6 (Del. Ch. Aug. 29, 2019).

2

however, does not conclusively stand for the position that the defendants advance nor does it persuade the Court that deviating from the general rule is appropriate in this case.

4. During oral argument, the defendants requested fee-shifting. The matter was not raised in briefing, and the plaintiff's litigation conduct in this action provides no basis for granting the request. To the extent the defendants' fee-shifting request is rooted in the merits of the claims pending in the arbitration, then denial of the defendants' request is without prejudice.

5. For the foregoing reasons, the defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED without prejudice.

*/s/ Kathaleen St. J. McCormick*
Vice Chancellor Kathaleen St. J. McCormick
Dated: September 21, 2020